UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RILEY GRAWIEN,

      Plaintiff,

v.                    Case No. 23-cv-1374-pp

JEFFREY A. JAEGER,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

  Riley Grawien, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant (apparently his state-court attorney) failed to file the plaintiff's motion for postconviction relief. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On October 18, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $8.57. Dkt. No. 5. The court received that fee on October 26, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names attorney Jeffrey A. Jaeger as the only defendant. Dkt. No. 1 at 1. The plaintiff's claim is as follows:

> Jeffrey A. Jaeger sent me a letter February 10, 2023 stating that he filed a Notice of Intent to Pursue Postconviction Relief in Case-No. 21-CF-668, and also stated that I would hear from the State Public Defender Office, and the Appellate Division, sometime in the future. That was 8 months ago, so I called the Clerk of the Appeals Court to check the status of my Postconviction Relief paperwork that Attorney Jeffrey Jaeger filed on my behalf, then the Clerk informed me that a Postconviction Relief was never filed on that Case Number at all, and the call was made September 18th 2023. I have a certified copy of the Defendants Acknowledgement Notice of Right to Seek

> Postconviction Relief form that was signed by me and the Attorney Jeffrey A. Jaeger, with the box checked that I plan to seek the Postconviction relief, dated 02/06/23. This was after I was sentenced at Sheboygan Court House in branch S. Attorney Jeffrey A. Jaeger has violated my rights to appeal my case to get some relief on the time that I was sentenced to 02/06/2023. The Attorney has an Oath under SCR 40.15 to represent me to the best of his ability, and he failed to do so. I dont know why he didn't file the paperwork for my relief, but it wasn't filed in the Appeals Court.

Id. at 2.

The plaintiff attached to the complaint a copy of the letter from Jaeger. Dkt. No. 1-1 at 2. He also attached a copy of the acknowledgment form he mentioned in the complaint. Dkt. No. 1-1 at 1.

The plaintiff says he is seeking relief for "breaking" his appeal rights, and he asks for $1.2 million dollars "because I was going to have my case over turned in the Appeals Court." Dkt. No. 1 at 3. He asserts that Jaeger did not file the postconviction relief motion within "the 20 day time limit," and says that now he will not have the opportunity to learn whether relief would have been granted. Id. He also wants Jaeger's license "to be taken." Id.

C.    Analysis

Federal courts like this one have limited jurisdiction. A federal court may decide a claim for violations of *federal* law or the *federal* Constitution. 28 U.S.C. §1331. Federal courts also may decide disputes between citizens of different states if the amount they are fighting over is more than $75,000. 28 U.S.C. §1332. The plaintiff has not alleged that Attorney Jaeger violated any federal law or any provision of the U.S. Constitution, and both the plaintiff and Attorney Jaeger are citizens of Wisconsin.

There *is* a federal law that allows someone to sue another person, "under color of" state law, violates the plaintiff's constitutional rights. That statute is 42 U.S.C. §1983. A defendant charged with committing a crime—whether in state or federal court—has a right under the Sixth Amendment to the U.S. Constitution to be represented by a lawyer. Perhaps the plaintiff believes that Jaeger violated his Sixth Amendment right to counsel by failing to file the postconviction motion. But the plaintiff cannot sue Jaeger under 42 U.S.C. §1983 because Attorney Jaeger was not acting under color of state law when he represented the defendant. Defense attorneys, whether they are state public defenders or privately retained counsel, are not "state actors," so they cannot be sued under §1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Walton v. Neslund, 248 F. App'x 733, 733 (7th Cir. 2007) (citing Polk County, 454 U.S. at 318, and Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998)).

Jaeger's failure to file the postconviction motion may give the plaintiff grounds to appeal or to file some other postconviction motion. But he cannot pursue that appeal, or postconviction relief, in *federal* court under §1983 (or any other federal statute). The plaintiff must file any appeal or request for postconviction relief in state court; if he is unsuccessful, he may file a federal *habeas* petition under 28 U.S.C. §2254. See Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973); Moran v. Sondalle, 218 F.3d 647, 650–51 (7th Cir. 2000). The plaintiff also may be able to bring a legal malpractice claim against Jaeger, but

that is not a federal claim. He must bring any malpractice lawsuit in *state* court.

Even if Jaeger were a state actor, or the plaintiff had accused Jaeger of violating a federal law or the federal Constitution, a federal court does not have the authority to revoke Jaeger's law license. The State Bar of Wisconsin is the licensing agency for attorneys practicing in Wisconsin. The plaintiff may file a complaint about Jaeger's performance through the State Bar or the Office of Lawyer Regulation.

The court must dismiss the case because it fails to state a claim that this federal court has jurisdiction and authority to decide. District courts generally give civil plaintiffs at least one opportunity to amend their pleadings, but the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The complaint provides sufficient information about the plaintiff's claim. Additional facts would not change the court's conclusion that the plaintiff does not have a claim for which a federal court may grant relief. The court finds that amendment would be futile and will not allow the plaintiff to file an amended complaint.

### III.  Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

6

Case 2:23-cv-01374-PP   Filed 11/09/23   Page 6 of 8   Document 8

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$341.43** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution and DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R.

App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of November, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**